**FILED**

February 16, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **CV**

DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WILLIAM RUSSELL, individually and on behalf of all others similarly situated, | Case No. 6:22-CV-00910-ADA-JCM |
| Plaintiff, | FLSA Collective Action |
| v. | Jury Trial Demanded |
| BWS INSPECTION SERVICES, LLC, | |
| Defendant. | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

1.      Plaintiff William Russell brings this lawsuit to recover unpaid overtime wages and other damages from BWS Inspection Services, LLC (BWS) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.      Defendant BWS Inspection Services, LLC (BWS) did not pay their employees overtime as required by the Fair Labor Standards Act (FLSA).

3.      Instead of paying overtime, Defendant paid their employees (including Plaintiff) a set "day rate" for each day worked regardless of the total number of hours worked in a week.

4.      Defendant's day rate plans violate the FLSA because employees paid on a day rate basis are still owed overtime for hours worked in excess of 40 in a week. *See, e.g., Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).

### JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(1) because BWS is headquartered in this district and division and pursuant to 28 U.S.C. § 1391(b)(2) because BWS conducts substantial business in this district and division.

**PARTIES**

7.      Plaintiff worked as an Inspector for BWS from October 2020 until November 2022.

8.      Throughout his employment, Defendant paid Plaintiff a day rate for each day worked with no overtime compensation regardless of hours worked.

9.      Plaintiff's consent to be a party plaintiff is attached as **Exhibit A**.

10.     Plaintiff brings this action on behalf of himself and all other Defendant's employees who were paid according to Defendant's day rate scheme.  These oilfield workers were paid a flat amount for each day worked for BWS and failed to receive overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

11.     The class of similarly situated employees (the "Day Rate Workers") consist of:

> **All current and former inspectors who worked for or on behalf of BWS Inspection Services, LLC that were paid a day rate at anytime in the past three (3) years (the "Day Rate Workers").**

12.     Defendant BWS is a Texas corporation and has been served with process by serving its registered agent: William Reed, 1230 LCR 244, Mexia, Texas 76667.

**FLSA COVERAGE**

13.     For at least the past 3 years, Defendant has been an employer and/or joint employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

14.     For at least the past 3 years, Defendant has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

15.     For at least the past 3 years, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

16.     Defendant has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (*e.g.*, including computer hardware and software, smart devices, tools, office equipment, etc.) that have been moved in or produced for commerce.

17.     Further, Defendant's annual gross volume of sales exceeded $1,000,000 in each of the past 3 years.

18.     Plaintiff and the Day Rate Workers are/were employees engaged in commerce or in the production of goods for commerce or are/were employees who employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

19.     Although Defendant labelled Plaintiff as an independent contractor, as a matter of economic reality Plaintiff was, in fact, an employee of BWS.

FACTS

20.     BWS provides inspection services to the oil and gas industry and BWS's services include the inspection of pipeline and facility construction, maintenance, and operations.[1]

21.     Plaintiff and the Day Rate Workers are among the individuals who perform Defendant's work.

22.     Defendant paid all their Day Rate Workers a flat sum for each day worked regardless of the number of hours worked that workweek.

---

[1] http://www.bwsinspection.com/ (last visited 02-01-2023).

23.     Defendant did not pay their Day Rate Workers any overtime for hours worked in excess of 40 in a workweek.

24.     Plaintiff worked for Defendant as a coating inspector and a chief inspector from October 2020 until November 2022, around Texas.

25.     Plaintiff interviewed with and was approved for hire by BWS.

26.     While on a wellsite Plaintiff took all of his direction from, and was directly supervised by, BWS personnel including the BWS President Blake Reed.

27.     Defendant records reflect the location(s) Plaintiff worked each day and week.

28.     Defendants paid Plaintiff a flat day rate for each 12-hour shift.

29.     Defendant also paid Plaintiff other sums such as daily per diems, daily car allowances, and a mileage reimbursement.

30.     Defendant employed Plaintiff within the meaning of the FLSA.

31.     Beyond on-the-job training and experience, Plaintiff did not possess or utilize any unique or specialized skillset in performing his job duties.

32.     Defendant required Plaintiff to adhere to their practices, policies, and procedures.

33.     Defendant did not require any substantial investment by Plaintiff in order to perform her work.

34.     Defendant controlled Plaintiff's opportunities for profit and loss by dictating the days and hours he worked and his pay rates.

35.     Defendant controlled all the significant and meaningful aspects of the job duties Plaintiff performed.

36.     Defendant exercised control over the hours and locations Plaintiff worked and the tools and equipment he used.

37.     Defendant made large capital investments in buildings, machines, equipment, tools, and supplied the business enterprise in which Plaintiff worked.

38.     Plaintiff did not incur operating expenses like rent, payroll, and marketing.

39.     Plaintiff was, as a matter of economic reality, dependent on Defendant to perform her job and to make a living.

40.     Although he often worked more than 40 hours per workweek, Defendant never paid Plaintiff any overtime.

41.     The Day Rate Workers all performed duties like those Plaintiff performed.

42.     The Day Rate Workers worked similar hours and were denied overtime as a result of the same illegal pay practice.

43.     The Day Rate Workers all regularly worked in excess of 40 hours each week and were scheduled for 12-hour shifts for weeks at a time.

44.     Instead of paying them overtime Defendant paid the Day Rate Workers a flat rate for each 12-hour shift.

45.     Like Plaintiff, Defendant paid the Day Rate Workers other sums such as daily per diems, daily car allowances, and a mileage reimbursement.

46.     Defendant failed to pay the Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

### FLSA VIOLATIONS

47.     Defendant day rate plans violate the FLSA because Plaintiff and the Day Rate Workers did not receive overtime for hours worked over 40 in a week.

48.     Defendant knew, or showed reckless disregard for whether, their day rate plans violated the FLSA.

49.     Defendant's failure to pay overtime compensation to Plaintiff and the Day Rate Workers was not based on any reasonable interpretation of the law.

50.     Nor was Defendant's decision not to pay overtime made in good faith.

51.     Accordingly, Plaintiff and the Day Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

52.     Numerous employees have been denied overtime by Defendant's day rate scheme.

53.     From his observations and experience at Defendant, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Day Rate Workers.

54.     The Day Rate Workers all received a flat rate for each day worked, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

55.     These employees are similarly situated to Plaintiff in terms of *relevant* job duties, pay provisions, and employment practices.

56.     Defendants' failure to pay overtime as required by the FLSA results from generally applicable, systematic pay plans that are not dependent on the personal circumstances of the Day Rate Workers.

57.     Thus, Plaintiff's experiences are typical of the experiences of the Day Rate Workers.

58.     The specific job titles or precise job locations of the various Day Rate Workers do not prevent collective treatment.

59.     All Day Rate Workers, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

60.     Plaintiff demands a trial by jury.

## RELIEF SOUGHT

61.    Wherefore, Plaintiff prays for:

a.    An order allowing this action to proceed as a collective action and directing notice to the other Day Rate Workers;

b.    Judgment finding Defendant in violation of the FLSA;

c.    Judgment finding Defendant liable to Plaintiff and the Day Rate Workers for unpaid overtime, and an equal amount of liquidated damages;

d.    Judgment awarding Plaintiff and the Day Rate Workers reasonable attorney's fees and costs of this action;

e.    Judgment awarding Plaintiff and the Day Rate Workers pre- and post-judgment interest at the highest rates allowed by law; and

f.    Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

-7-

EXHIBIT   A

<u>CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT</u>

Print Name: <u>William Russell</u>

1.  I hereby consent to make a claim against <u>BWS Inspection</u> to pursue my claims of unpaid overtime during the time that I worked with the company.

2.  I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3.  I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against <u>BWS Inspection</u>.

4.  I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: <u>William Russell (Feb 1, 2023 10:27 CST)</u>

Date Signed: <u>Feb 1, 2023</u>